1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT

7             FOR THE DISTRICT OF ARIZONA

8

9   Darlene Laws,                    )    No. CV-05-4102 PHX-EHC (LOA)
                                     )
10          Petitioner,              )    **REPORT AND RECOMMENDATION**
                                     )
11  vs.                              )
                                     )
12  Dennis Harkins, et al.,          )
                                     )
13          Respondents.             )
    _____)

14

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in

16  State Custody Pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondents filed an Answer to the

    Petition to which Petitioner has replied.  (Docs. 8, 10.)

17
                     **FACTUAL AND PROCEDURAL BACKGROUND**
18
            The following events gave rise to the Petitioner's challenged conviction.  On July
19
    22, 2002, Phoenix Police Officers responded to a call at Sky Harbor Inn at 2323 E. Van Buren
20
    in Phoenix, Arizona. (Respondents' Ex. B at 91.) Petitioner was arrested for criminal damage[1]
21
    and searched incident to the arrest.  (Id. at 91-92.)  The Officer's search of Defendant revealed
22
    a baggy containing a piece of Brillo pad as well as a small white rock-like substance, a crack
23
    pipe with residue in the end of it, and a small marijuana cigarette. (Id. at 92-96.)  At trial, a
24
    criminalist confirmed that the small white rock-like substance recovered was crack cocaine, the
25

26

27   _____

28      [1]  This charge was dismissed due to witness problems, and the parties agreed that the underlying
    facts of the arrest would not be introduced at trial. (Respondents' Ex. A at 11-13.)

crack pipe contained crack cocaine residue, and the partial cigarette contained marijuana. (<u>Id.</u> at 108-18.)

Petitioner testified on her own behalf and admitted that she had used the crack pipe to try to smoke the small white rock-like substance and that the partial cigarette contained marijuana. (<u>Id.</u> at 134-136.) However, she testified that she believed the crack cocaine was not real because it would not burn. (<u>Id.</u> at 134.)

A jury found Petitioner guilty of possession of narcotic drugs, possession of marijuana, and possession of drug paraphernalia. (Respondents' Ex. C.) On December 12, 2002, the trial court[2] sentenced Petitioner to a mitigated term of 8 years imprisonment for the possession of narcotic drugs conviction, and two concurrent mitigated terms of 3 years imprisonment for the possession of marijuana conviction and the possession of drug paraphernalia conviction. (<u>Id.</u>)

Petitioner raised two issues on appeal with the Arizona Court of Appeals: (1) court error for not granting credit for presentence incarceration on all concurrent counts; and (2) the trial court abused discretion by allowing Petitioner to be impeached with convictions that were more than ten years old without determining if their probative value substantially outweighed their prejudicial effect. (Respondents' Ex. D.) On November 6, 2003, the Arizona Court of Appeals affirmed Petitioner's convictions, but modified her sentences to reflect the time she spent in pre-sentence custody. (Respondents' Ex. F at 7-8.) On the claim of impeachment with convictions more than ten years old, the court found that while two of the convictions should have been excluded, the error was harmless and did not "substantially sway the verdict." (<u>Id.</u> at 6-7.) The Arizona Supreme Court denied Petitioner's petition for review on April 15, 2004. (Respondents' Ex. J.) The Arizona Court of Appeals then issued the order and mandate on May 12, 2004. (Respondents' Ex. K.)

---

[2] The Honorable Michael O. Wilkinson presided over the proceedings in the Superior Court for the State of Arizona, Maricopa County.

Petitioner filed a notice of post-conviction relief on May 4, 2004. (Respondents' Ex. L.)    After Petitioner's appointed counsel filed a "Notice of Completion" indicating that the lawyer could not find any viable issues to pursue, the trial court granted Petitioner an extension of time to file a pro per petition. (Respondents' Ex. M; Respondents' Ex. N.)  Petitioner's pro per petition for post-conviction relief was filed on September 9, 2004.  (Respondents' Ex. O.) In her petition for post-conviction relief, Petitioner alleged:

> 1.  Petitioner was unlawfully arrested because she was not read her Miranda rights prior to admitting causing criminal damage and being arrested;
>
> 2.  Trial counsel, Ms. Storrs, rendered ineffective assistance in failing to challenge Petitioner's Miranda rights violations;
>
> 3.  Trial counsel rendered ineffective assistance in having a conflict of interest because counsel intended Petitioner to be found guilty;
>
> 4.  The State failed to prove a sufficient quantity of useable narcotic drug was present to find Petitioner had the required intent for possession of a narcotic drug;
>
> 5.  The trial court erred in denying Petitioner's request to represent herself;
>
> 6.  The trial judge was biased, in violation of Petitioner's due process rights because the trial judge told Defendant that she had an excellent defense attorney and refused Petitioner's request for an 'adequate' competency determination;
>
> 7.  Petitioner was forced to incriminate herself;
>
> 8.  The arresting officers violated Petitioner's Fifth Amendment rights by failing to issue a Miranda warning prior to Petitioner's confession and arrest;
>
> 9.    There was prosecutorial misconduct when the prosecutor introduced Petitioner's confession that was obtained prior to being read her Miranda rights; and
>
> 10.   The trial judge abused his discretion by denying Petitioner's motion for a suppression hearing, denying Petitioner's motion for self-representation, allowing questions about Petitioner's confession that was obtained prior to being read her Miranda rights, and not allowing Petitioner "to tell the whole story."

(Respondents' Ex. O.)  On November 9, 2004, Petitioner requested permission to file a supplemental brief raising a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004). (Respondents' Ex. P.)  The trial court denied Petitioner's Blakely argument on the merits and

1    subsequently denied Petitioner's petition for post-conviction relief.  (Respondents' Ex. Q;

2    Respondents' Ex. R.)  The trial court held that the majority of Petitioner's claims were precluded

3    because they could have been litigated during trial or on direct appeal. Ariz. R. Crim. P.

4    32.2(a)(3).  (Id.)  The court further found that while the issue of ineffective counsel was

5    properly before the court, Petitioner failed to show instances where counsel was ineffective.

6    (Id.) And lastly, the court found that Petitioner's Blakely argument failed because Blakely does

7    not apply to mitigated sentences and does not apply retroactively. (Respondents' Ex. Q.)

8            On September 1, 2005, the Arizona Court of Appeals denied Petitioner's petition for

9    review of the post-conviction proceedings.  (Respondents' Ex. U.)  In Petitioner's petition for

10   review to the Arizona Court of Appeals, Petitioner only asserted the Blakely claim.  (Id.)  It is

11   unclear whether Petitioner sought further review in the Arizona Supreme Court because

12   although she claimed to have appealed to the Arizona Supreme Court, her petition for review

13   to that court is not in the record.  (Doc. 1 at 2.)  However, Petitioner did seek review in the

14   United States Supreme Court.   (Respondents' Ex. W; Respondents' Ex. V.)   Thereafter,

15   Petitioner filed the pending § 2254 petition.  (Doc. 1.)  In her petition for writ of habeas corpus,

16   Petitioner raises ten claims:

17           1. The arresting officers illegally coerced a confession from Petitioner
             when they asked her if she had caused criminal damage;
18
19           2. The arresting officers violated Petitioner's Fifth Amendment rights
             by failing to issue a Miranda warning prior to Petitioner's confession
             and arrest;
20
21           3. Petitioner was unlawfully arrested because the arrest was based on
             a coerced confession prior to being issued a Miranda warning;

22           4.  Petitioner's due process rights were violated by judicial bias
             because the trial judge told Petitioner that she had an excellent defense
23           attorney, refused Petitioner's request for further competency hearings,
             and informed the jury that Petitioner's arrest was lawful;
24
25           5.  Petitioner was denied the right to a fair trial due to judicial bias,
             ineffective assistance of counsel, and prosecutorial misconduct;

26           6.  Petitioner was denied her right to confront government witnesses;

27           7.  Petitioner was unlawfully imprisoned since she was not officially
             booked for the felony of possession of narcotic drugs;
28

8.   Trial counsel, Ms. Storrs, rendered ineffective assistance by recommending that Petitioner plead guilty, not giving the case the time it deserved, and breaching her duty of loyalty to Petitioner;

9.   There was prosecutorial misconduct when the prosecutor introduced Petitioner's confession that was obtained prior to being read her <u>Miranda</u> rights;

10.  The trial court abused its discretion by not allowing Petitioner to discuss the basis for the original arrest, not allowing Petitioner "to tell the whole story," and enhancing Petitioner's sentence based on findings made in the absence of a jury in violation of <u>Blakely</u>.

## DISCUSSION

## I. Timeliness

Respondents do not dispute that Petitioner's § 2254 petition is timely under 28 U.S.C. § 2244(d)(1).  The Report and Recommendation, therefore, will not address that issue.

## II. Exhaustion and Procedural Default

### A. Relevant Law

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted, in state court, every claim raised in her petition.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991).  To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of her federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner.  <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.").

It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised.  <u>Reese</u>, 541 U.S. at 28 (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim).  Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which she bases her claim in federal court.  <u>Tamalini v. Stewart</u>, 249 F.3d 895, 898 (9th Cir. 2001).  Similarly, general appeals to broad constitutional principles,

such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim.  Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial").  Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." Lyons, 232 F.3d at 668.  A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim.  Baldwin, 541 U.S. at 27.

Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted."  This type of exhaustion is often referred to as "procedural default" or "procedural bar."  Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two categories of procedural default.

First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court.  Nunnemaker, 501 U.S. at 802-05.  If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Carringer v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review).  A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar.  Nunnemaker, 501 U.S. at 803.

1        Second, the state prisoner may not have presented the claim to the state courts, but

2   pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague v.

3   Lane, 489 U.S. 288, 297-99 (1989).  Generally, any claim not previously presented to the Arizona

4   courts is procedurally barred from federal review because any attempt to return to state court to

5   properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b);

6   Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916

7   P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived

8   at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9

9   (stating that petition for review must be filed within thirty days of trial court's decision).  A state

10  post-conviction action is futile where it is time barred.  Beaty, 303 F.3d at 987; Moreno v.

11  Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P.

12  32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from

13  preclusion under Rule 32.2(a)).

14       In either case of procedural default, federal review of the claim is barred absent a

15  showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley,

16  541 U.S. 386, 393-94, (2004); Murray v. Carrier, 477 U.S. 478, 488 (1986).  To establish cause,

17  a petitioner must establish that some objective factor external to the defense impeded her efforts

18  to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986).  The

19  following objective factors may constitute cause: (1) interference by state officials, (2) a showing

20  that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally

21  ineffective assistance of counsel. Murray, 477 U.S. at 488.   To establish prejudice, a prisoner

22  must demonstrate that the alleged constitutional violation "worked to his actual and substantial

23  disadvantage, infecting his entire trial with error of constitutional dimension." United States v.

24  Frady, 456 U.S. 152, 170 (1982).  Where petitioner fails to establish cause, the court need not

25  reach the prejudice prong.

26       To establish a "fundamental miscarriage of justice" resulting in the conviction of one

27  who is actually innocent, a state prisoner must establish that it is more likely than not that no

28

1  reasonable juror would have found him guilty beyond a reasonable doubt in light of new

2  evidence.  Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

3        **B. Application of Law to Petitioner's Claims**

4        Respondents contend that Petitioner's claims are procedurally defaulted and therefore

5  barred from federal habeas review.  Respondents argue that under Baldwin v. Reese, 541 U.S.

6  27, 29 (2004), to exhaust claims in state court, an Arizona prisoner must petition for review to

7  the Arizona Supreme Court, the highest discretionary court of appeals in Arizona.  Peterson v.

8  Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).  Respondents argue that Baldwin overturns

9  Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) where the court held that Arizona state

10  prisoners need not seek review in the Arizona Supreme Court to exhaust state remedies.  The

11  Court declines to decide this issue because in addition to failing to present her claims to the

12  Arizona Supreme Court, Petitioner failed to fairly present all of her claims to the trial court and

13  the Arizona Court of Appeals and her Blakely claim fails on the merits. 28 U.S.C. §

14  2254(b)(2)(stating that the court may deny unexhausted claims on the merits).

15        **1. Claims 1-9**

16        Petitioner did not raise any of her first nine claims to the Arizona Court of Appeals

17  either on direct review or on post-conviction review. (Respondents' Ex. D; Respondents' Ex. S.)

18  Accordingly, these claims are unexhausted and procedurally defaulted because Petitioner cannot

19  now return to state court to present those claims.  Generally, any claim not previously presented

20  to the Arizona courts is procedurally barred from federal review because any attempt to return

21  to state court to properly exhaust a current habeas claim would be "futile."   Ariz. R. Crim. P.

22  32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz.

23  319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for

24  claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R.

25  Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's

26  decision).  A state post-conviction action is futile where it is time barred.  Beaty, 303 F.3d at 987;

27  Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz.

28

R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

Furthermore, when a state court applies a procedural rule to deny a claim, it operates as independent and adequate ground for denying the claim and preventing habeas relief. Nummemaker, 501 U.S. at 802-05. On post-conviction review, Petitioner raised the following claims which she also raises in the pending § 2254 petition: (1) police violated the Fifth Amendment by failing to advise Petitioner of her Miranda rights; (2) police unlawfully arrested Petitioner based on a coerced confession; (3) the trial judge was biased against Petitioner; (4) the prosecutor engaged in misconduct by introducing Petitioner's confession into evidence; (5) the trial court erred in failing to allow Petitioner to "tell the whole story" and in enhancing Petitioner's sentence.  The trial court stated that with the exception of Petitioner's claims of ineffective assistance of counsel and the Blakely claim, Petitioner's claims were procedurally barred under Ariz. R. Crim. P. 32.2.  (Respondents' Ex. Q; Respondents' Ex. R.)  Therefore, in addition to failing to exhaust state remedies, the aforementioned claims are also barred pursuant to the procedural bar applied by the trial court on post-conviction review.

Because Petitioner's claims 1-9 are procedurally defaulted, federal habeas review is unavailable unless Petitioner establishes cause and prejudice or a fundamental miscarriage of justice. Dretke, 541 U.S. at 393-94; Murray, 477 U.S. at 488.  Petitioner has failed to establish cause to overcome the procedural default.  In Petitioner's reply, she reiterates the claims raised in her § 2254 petition, but does not provide any explanation for her failure to exhaust her federal claims in state court. (Doc. 10.)  Petitioner has not identified any objective factor external to the defense which impeded her efforts to comply with the state's procedural rules and therefore she has not presented sufficient evidence to establish cause to overcome the procedural default. Coleman, 501 U.S. at 753. Further Petitioner has not established that there will be a fundamental miscarriage of justice if the Court does not review her claims. Petitioner presented no new evidence in her §2254 petition that would make it more likely than not that no reasonable juror would have found her guilty beyond a reasonable doubt.  Schlup, 513 U.S. at 327.  Because

1  Petitioner has not established cause and prejudice or a fundamental miscarriage of justice, she

2  fails to overcome the procedural bar.

3  **2. Claim 10 - <u>Blakely</u>**

4  In ground ten, Petitioner claims that her Sixth Amendment rights were violated

5  because the trial court enhanced her sentence based on prior convictions in violation of <u>Blakely</u>.

6  Petitioner's <u>Blakely</u> claim fails on the merits.  In <u>Blakely v. Washington</u>, 542 U.S. 296, 301, 304

7  (2004),  the Supreme Court held that "other than the fact of a prior conviction, any fact that

8  increases the penalty for a crime beyond the statutory maximum must be submitted to a jury" or

9  admitted by petitioner.  However, new procedural rules do not apply retroactively to cases that

10  were final on appeal when the rule was announced unless they "amount to watershed rules of

11  criminal procedure."  <u>Schardt v. Payne</u>, 414 F.3d 1025, 1035-37 (9th Cir. 2005).  The Ninth

12  Circuit has held that the <u>Blakely</u> decision is not a watershed rule of criminal procedure and

13  therefore does not apply retroactively to cases on collateral review.  <u>Id.</u> at 1036.  The Court must

14  determine whether <u>Blakely</u> is a "new" rule for purposes of this case.  Under Arizona and federal

15  law, a case is final when a judgment has been rendered, appeals have been exhausted, and the

16  time for seeking certiorari in the United States Supreme Court has expired.  <u>State v. Towery</u>, 204

17  Ariz. 386, 64 P.3d 828 (2003); <u>Griffith v. Kentucky</u>, 479 U.S. 314 (1987). Here, the Arizona

18  Court of Appeals affirmed Petitioner's convictions, but modified her sentence, on November 6,

19  2003. (Respondents' Ex. F.) <u>Blakey</u> was decided on June 24, 2004.  This matter was final before

20  that decision was issued.  (<u>Id.</u>)  Because this case was final before <u>Blakely</u> was decided  and

21  <u>Blakely</u> does not apply retroactively to cases on collateral review, Petitioner's <u>Blakely</u> claim fails.

22  **<u>CONCLUSION</u>**

23  Because Petitioner's claims are procedurally defaulted or fail on the merits, her

24  petition should be denied.  <u>Coleman</u>, 501 U.S. at 753.

25  Accordingly,

26  IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas

27  Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED.**

28

1          This recommendation is not an order that is immediately appealable to the Ninth

2    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3    Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties

4    shall have ten days from the date of service of a copy of this recommendation within which to file

5    specific written objections with the Court.  28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Fed. R.

6    Civ. P.  Thereafter, the parties have ten days within which to file a response to the objections.

7    Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result

8    in the acceptance of the Report and Recommendation by the District Court without further

9    review.  United States v. Reyna- Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to

10   file objections to any factual determinations of the Magistrate Judge will be considered a waiver

11   of a party's right to appellate review of the findings of fact in an order or judgment entered

12   pursuant to the Magistrate Judge's recommendation.  Rule 72, Fed. R. Civ. P.

13         DATED this 22nd day of June, 2006.

                          Lawrence O. Anderson
                          United States Magistrate Judge