IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Laws, ) | No. CV 05-4102-PHX-EHC |
| ) Petitioner, ) | **ORDER** |
| ) vs. ) | |
| ) Dennis Harkins; Attorney General of the ) State of Arizona, ) | |
| ) Respondents. ) ) | |

On December 14, 2005, Petitioner filed a Petition for Writ of Habeas Corpus, alleging ten claims. [Dkt. 1]. On February 8, 2006, Respondents filed an Answer. [Dkt. 8]. On March 2, 2006, Petitioner filed a Reply to the Answer. [Dkt. 10].

On June 22, 2006, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation [dkt. 12], recommending that the Petition be denied. Magistrate Judge Anderson recommends that Claim Ten be denied on the merits and Claims One through Nine be denied as procedurally defaulted. On July 6, 2006, Petitioner filed an Objection to the Report and Recommendation. [Dkt. 13]. The district court "shall make a de novo determination... of any portion of the Magistrate Judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b).

Claim Ten alleges a violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). [Dkt. 1, p. 14]. Magistrate Judge Anderson recommends denying Claim Ten on the

1  merits because Blakely does not retroactively apply to this case. Petitioner objects to this
2  recommendation on the ground that Blakely "holds the court accountable to their [sic] own
3  rules." [Dkt. 13, p. 8]. The Ninth Circuit has found that Blakely does not apply retroactively.
4  Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005) ("New procedural rules generally do
5  not apply retroactively, unless they amount to watershed rules of criminal procedure...
6  Blakely did not announce a watershed rule of criminal procedure."). Claim Ten will be
7  denied on the merits.

8        Petitioner objects to the finding that Claims One through Nine are procedurally
9  defaulted on the ground that she filed a Petition for Post-Conviction Relief pursuant to
10 Ariz. R. Crim. P. 32.1 in the Arizona Court of Appeals. "Before seeking a federal writ of
11 habeas corpus... the prisoner must fairly present his [or her] claim in each appropriate state
12 court." Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Claims that have not
13 been fairly presented are procedurally defaulted if they are time-barred under state law.
14 Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002) ("If [petitioner] has any unexhausted
15 claims, he has procedurally defaulted them, because he is now time-barred under Arizona
16 law from going back to state court."). Petitioner presented only Claim Ten- not Claims One
17 through Nine- to the Arizona Court of Appeals. [Dkt. 8, ex. S (alleging only a Blakely
18 violation)]. Claims One through Nine are time-barred under Arizona law; the trial court
19 denied Petitioner's claim for post-conviction relief on November 9, 2004. [Dkt. 8, ex. Q]. See
20 Ariz R. Crim. P. 32.9(c) ("Within thirty days after the final decision of the trial court on the
21 petition for post-conviction relief... any party aggrieved may petition the appropriate
22 appellate court for review of the actions of the trial court."). Claims One through Nine are
23 procedurally defaulted and will be denied.

24 //
25 //
26 //
27 //
28

1  Accordingly,

2  **IT IS ORDERED** that the Report and Recommendation [dkt. 12] is **ADOPTED**; the

3  Petition for Habeas Corpus [dkt. 1] is **DENIED**.

4  DATED this 24th day of July, 2006.

_____
Earl H. Carroll
United States District Judge